SAUNDERS v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 63356. Submitted December 14, 1982, at Detroit.—Decided
February 25, 1983.

Delores Saunders, a passenger in an automobile owned and
driven by her husband, William Saunders, was injured when
struck by a projectile which was thrown through the open
window of the moving automobile. Mr. and Mrs. Saunders
brought an action against the insurer of the automobile, De-
troit Automobile Inter-Insurance Exchange, for recovery of no-
fault benefits. The Wayne Circuit Court, Victor J. Baum, J.,
granted a directed verdict in favor of DAIIE, finding that the
injuries resulted from an intentional assault and did not arise
out of the ownership, operation, maintenance or use of a motor
vehicle. Plaintiffs appeal. *Held:*

Generally, a person's mere presence in an automobile at the
time of an assault does not establish the requisite causal
connection between the injury and the use of the automobile
for recovery of no-fault benefits. However, where a projectile is
propelled at a moving vehicle the assault is against the vehicle
itself. Such an assault is foreseeably identifiable with the
normal use of the vehicle and, thus, provides the requisite
causal connection between the injury and the use of the vehi-
cle.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES.

An injured party may recover personal injury protection benefits
under the no-fault act where it is shown that there is a causal
connection between the injury and the ownership, mainte-
nance, or use of the insured automobile; to satisfy the causal
connection requirement the injury must be foreseeably identifi-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 194-204, 351, 354, 355.
Automobile liability insurance: what are accidents or injuries "aris-
ing out of ownership, maintenance, or use" of insured vehicle. 13
ALR4th 10.

able with the normal use, maintenance, or ownership of the vehicle (MCL 500.3105[1]; MSA 24.13105[1]).

2. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES.

Generally, injuries received in an assault upon a person who by mere fortuity happens to be in an automobile when the assault occurs are not compensable under the no-fault act; however, where the injury is caused by a projectile propelled at a moving vehicle the assault is directed at the vehicle itself and is considered foreseeably identifiable with the normal use of the vehicle to provide the requisite causal connection between the injury and the use to allow recovery of no-fault benefits.

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *Adrienne G. Southgate),* for plaintiffs.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *William V. Taylor, II),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and H. E. DEMING,* JJ.

PER CURIAM. Plaintiff Delores Saunders was a passenger in an automobile owned and driven by her husband, plaintiff William Saunders, and insured by defendant, Detroit Automobile Inter-Insurance Exchange (DAIIE). Delores Saunders was seriously injured when she was struck by a projectile, either a rock or a piece of concrete, which was thrown through the open passenger window of the automobile. The source of the projectile was never determined.

Plaintiffs commenced this action seeking personal injury protection (PIP) benefits under the no-fault policy. A jury trial was held and, following the close of plaintiffs' proofs, the trial court granted defendant's motion for a directed verdict. The trial court found that Delores Saunders' injuries resulted from an intentional assault and that,

* Circuit judge, sitting on the Court of Appeals by assignment.

as a matter of law, the injury did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). This Court granted plaintiffs' application for delayed appeal.

In order to obtain PIP benefits under the no-fault act, the injured party must establish a causal connection between the injury sustained and the ownership, maintenance, or use of the automobile. The injury must be foreseeably identifiable with the normal use, maintenance, or ownership of the vehicle. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975).

This Court has held many times that an individual's presence in an automobile at the time an assault occurs does not establish the requisite causal connection. *Hamka v Automobile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979); *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979). However, in *Mann v Detroit Automobile Inter-Ins Exchange,* 111 Mich App 637; 314 NW2d 719 (1981), the Court noted an important distinction between an ordinary assault perpetrated upon one who by mere fortuity happens to be in an automobile and an assault which occurs when a projectile is propelled at a moving vehicle. In the latter case, the assault is directed at the automobile itself, rather than at the driver or passenger. Such an assault is, unfortunately, part of the normal risk of operating a motor vehicle and it must be considered foreseeably identifiable with the normal use of the vehicle. On the authority of *Mann v Detroit Automobile Inter-Ins Exchange, supra,* we hold that there was a direct causal relationship between Delores Saunders' injury and her use of the motor vehicle. The trial court erred in granting a directed verdict for defendant.

Reversed and remanded for trial.