WAKEFIELD LEASING CORPORATION v TRANSAMERICA
INSURANCE COMPANY

WAKEFIELD LEASING CORPORATION v MICHIGAN MUTUAL
INSURANCE COMPANY

Docket Nos. 162911, 162924, 165938. Submitted January 12, 1995, at
Grand Rapids. Decided August 29, 1995, at 9:25 A.M. Leave to
appeal sought.

Wakefield Leasing Corporation, doing business as Port City Cab
and Kalamazoo Yellow Cab, brought actions in the Kalamazoo
Circuit Court against Transamerica Insurance Company, its
general liability insurer, and Michigan Mutual Insurance Com-
pany, its automobile insurer, seeking a declaration of which
insurer must defend and indemnify Wakefield against a negli-
gence action brought by Donald and Vickie Muraoka. The
insurers brought the Muraokas into the actions by filing third-
party actions against them. Donald Muraoka, while driving a
taxicab he had leased from Wakefield, was assaulted by a
passenger. In their action against Wakefield, the Muraokas
alleged that Wakefield failed to warn of other robberies that
were known or should have been known by Wakefield, that
Wakefield failed to properly train its employees or agents to
warn subcontractor drivers like Donald Muraoka of the dan-
gers of driving a taxicab, that Wakefield failed to instruct its
employees to inform the police when subcontractor drivers
were dispatched to areas known to have high crime rates, and
that Wakefield failed to provide a protective shield in Murao-
ka's taxicab that would have protected him from assaults and
robberies by passengers. In the actions for declaratory judg-
ment, the court, Donald E. Goodwillie, J., determined that
Michigan Mutual, as Wakefield's automobile insurer, is solely
liable for defending Wakefield against the Muraokas' action.

REFERENCES

The court reserved the issue of indemnification for later decision. Wakefield and the Muraokas appealed from the declaratory judgment action against Transmerica, and Michigan Mutual appealed and Wakefield cross appealed from the declaratory judgment action against Michigan Mutual. The appeals were consolidated.

The Court of Appeals *held:*

1. Because the Muraokas' action against Wakefield is yet to be tried, the trial court correctly reserved its ruling regarding indemnification on the ground that the issue was premature.

2. The Muraokas' allegations that Wakefield failed to warn of other robberies, failed to properly train its employees, and failed to instruct its employees or agents to notify the police of taxicab dispatches to areas with high crime rates pertain to the general operation of a taxicab business, and do not state claims arising out of the ownership, maintenance, or use of a motor vehicle. Accordingly, it is Transamerica as general liability insurer, and not Michigan Mutual as automobile insurer, that must defend Wakefield against the Muraokas' action.

3. The Muraokas' allegation that Wakefield failed to provide a protective shield in the taxicab is insufficient to invoke residual liability coverage under Michigan Mutual's automobile policy. In order to trigger residual automobile liability coverage, an accident must arise out of the inherent nature of the automobile and within the natural territorial limits of an automobile, the actual use, loading, or unloading of the automobile must not have terminated, and the automobile must not merely contribute to cause the condition that produces the injury, but must itself produce the injury. Here, the allegation concerning the protective shield does not relate to the taxicab itself, but to a business decision by Wakefield. Liability, if any, for such a decision is within the coverage of Transamerica's general liability policy.

Reversed and remanded for entry of a judgment in favor of Michigan Mutual and against Transamerica.

INSURANCE — AUTOMOBILES — RESIDUAL LIABILITY.

Personal injury is covered under the residual liability provisions of an automobile insurance policy only where the accident in which the injury was sustained arose out of the inherent nature of the automobile and within the natural territorial limits of an automobile, the actual use, loading, or unloading of the automobile had not terminated, and the automobile did not merely contribute to cause the condition that produced the injury, but itself produced the injury.

*Birkhold & Associates, P.C.* (by *Mark C. Charter*), for Wakefield Leasing Corporation.

*Dilley, Dewey, Damon & Condon, P.C.* (by *Jonathan S. Damon*), for Transamerica Insurance Company.

*Foster, Swift, Collins & Smith, P.C.* (by *Scott L. Mandel* and *William F. Pettit*), for Michigan Mutual Insurance Company.

*Plaszczak & Bauhof, P.C.* (by *James F. Bauhof*), for Donald and Vickie Muraoka.

Before: MACKENZIE, P.J., and GRIFFIN and NEFF, JJ.

GRIFFIN, J. These consolidated appeals involve two actions for declaratory judgment regarding liability coverage for a personal injury claim asserted by Donald and Vickie Muraoka against Wakefield Leasing Corporation, doing business as Port City Cab and Kalamazoo Yellow Cab (Wakefield). Donald Muraoka seeks damages for personal injury and Vickie Muraoka seeks damages for loss of consortium arising out of an assault and battery committed upon Donald Muraoka by a passenger in Muraoka's taxicab. Muraoka alleges the status of a subcontractor at the time he was leasing a taxicab from Wakefield.

In the underlying complaint for personal injuries against Wakefield, the Muraokas assert the following theories of liability: (1) failure to warn of other delivery robberies that were known or should have been known by Wakefield, (2) failure to properly train its employees, agents, or assigns to warn subcontractor drivers such as Donald Muraoka of the dangers of driving a taxicab, (3) failure to instruct its employees or agents to notify

the police department when subcontracting drivers are sent into an area known for its high crime rate, and (4) failure "to provide a safe motor vehicle to be used as a taxicab, in that there was no protection in the way of a screen or shield between the front and rear seats to prevent persons in the rear of the vehicle from robbing or assaulting the driver."

In this appeal, we express no opinion regarding the merits of the underlying personal injury action. We review only the order of the lower court holding Wakefield's automobile liability insurance carrier, defendant Michigan Mutual Insurance Company, solely responsible for providing a defense. On cross appeal, Wakefield contends that the lower court erred in failing to order both indemnification and defense. Although the personal injury action had not been tried, Wakefield argues that the lower court erred in limiting its ruling to a duty to defend.

With regard to the cross claim, we hold that the lower court correctly reserved its ruling regarding the duty to indemnify on the ground that the issue was premature. With regard to the principal appeal, we hold that the duty to defend the underlying tort action is the sole responsibility of the general liability carrier, defendant Transamerica Insurance Company. Accordingly, we reverse and remand for entry of judgment in favor of defendant Michigan Mutual and against defendant Transamerica.

I

At the outset, we dispense with three of the claims in the personal injury complaint that clearly fall within the scope of the general commercial liability policy and not the automobile

liability policy. The allegations of failure to warn of other robberies in the area; failure to properly train employees, agents, or assigns to warn drivers; and failure to instruct employees or agents to notify the police department when drivers are sent into areas with high crime rates are clearly claims that do not arise out of the ownership, operation, or use of a motor vehicle. These claims pertain directly to the general operation of a taxicab business; they are unrelated to the operation, maintenance, or use of a motor vehicle itself. Accordingly, defendant Transamerica must provide a defense because these claims are clearly within its coverage.

II

The main issue is whether the allegation of Wakefield's liability for failing to install a partition in the taxicab also triggers a duty to defend under defendant Michigan Mutual's automobile liability policy. We hold that it does not.

In this appeal, both Wakefield and Transamerica argue that the causality standard for residual liability insurance is different from the causality standard for no-fault personal protection or property protection insurance. We disagree and have rejected this argument in *Century Mutual Ins Co v League General Ins Co,* 213 Mich App 114; — NW2d — (1995). See also *A & G Associates, Inc, v Michigan Mutual Ins Co,* 110 Mich App 293; 312 NW2d 235 (1981).

In *Century Mutual,* we applied the *Thornton*[1]/ *Kangas*[2] causality standard to a question of residual automobile liability coverage. In doing so, we

[1] *Thornton v Allstate Ins Co,* 425 Mich 643; 391 NW2d 320 (1986).

[2] *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975).

adopted 6B Appleman, Insurance Law & Practice (Buckley ed), § 4317, pp 367-369, as a clarifying test:

> [T]hree rather interesting rules have been set up to determine the insurer's liability: 1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the natural territorial limits of an automobile, and the actual use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.

### III

Applying the above principles to the present case, we conclude that the allegation in the underlying personal injury complaint of failure to provide a protective partition is insufficient to invoke automobile liability coverage. Under the third part of the Appleman test, the "automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury. See also *Thornton, supra* at 661, and *A & G Associates, supra* at 296-298.

The allegation at issue relates not to the automobile itself, but to a special modification to the vehicle that should have been made in light of the automobile's use in areas with high crime rates. Wakefield's liability, if any, arises from a negligent or intentional business decision. No liability arising out of the ownership, maintenance, or use of the automobile itself is alleged. Rather, liability is predicated on the theory that it was tortious for Wakefield to: (a) dispatch an automobile, (b) as a commercial taxicab, (c) to an area with a high

crime rate, (d) without providing safety partitions to separate the driver from his dangerous passengers. Like in *Marzonie v Auto Club Ins Ass'n,* 441 Mich 522, 529; 495 NW2d 788 (1992), quoting with approval *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526, 530; 280 NW2d 583 (1979), "the automobile was not the instrumentality of the injury." See also *Bourne v Farmers Ins Exchange* 449 Mich 193; 534 NW2d 491 (1995). Cf. *Vanguard Ins Co v Clarke,* 438 Mich 463, 473; 475 NW2d 48 (1991).

Accordingly, we hold that the duty to defend the underlying personal injury action is the sole responsibility of the general liability carrier, defendant Transamerica Insurance Company.

Reversed and remanded. We do not retain jurisdiction.

MacKENZIE, P.J., concurred.

NEFF, J. I concur in the result only.