KENNEDY v AUTO CLUB OF MICHIGAN

Docket No. 185157. Submitted January 17, 1996, at Detroit. Decided January 30, 1996, at 9:00 A.M. Leave to appeal sought.

Marquis A. Kennedy brought an action in the Wayne Circuit Court against Auto Club of Michigan, seeking no-fault personal protection insurance benefits for an injury he sustained while riding as a passenger in an automobile when an undetermined projectile shattered the automobile's rear window and hit his right temple, causing blindness in his right eye. The court, Louis F. Simmons, Jr., J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

The no-fault act requires an insurer to pay benefits for accidental injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). The mere involvement of an automobile in an injury is not alone sufficient to invoke no-fault coverage. There must be more than a "but for," incidental, or fortuitous connection between the damages sustained and the use of a motor vehicle. The injury must be directly related to the automobile's character as a motor vehicle.

In this case, the automobile was not the instrumentality of the injury, nor was the injury caused by the inherent nature of driving an automobile. Instead, the plaintiff's injury was the result of an intentional, reckless, or negligent act in which an unknown assailant either shot or threw an object through the rear window of an automobile. Injuries resulting from this kind of conduct are not within the ordinary risks of driving a motor vehicle.

Reversed and remanded for entry of judgment in favor of the defendant.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE —
    INJURY FROM UNKNOWN PROJECTILES.

An injury sustained by a passenger in an automobile when hit by

REFERENCES
Am Jur 2d, Automobile Insurance § 202.
See ALR Index under Automobile Insurance.

an undetermined projectile shot or thrown through the automobile's rear window intentionally, recklessly, or negligently by an unknown assailant is not an accidental injury arising out of the ownership, operation, maintenance, or use of the automobile as a motor vehicle; personal protection insurance benefits are not payable for such an injury (MCL 500.3105[1]; MSA 24.13105[1]).

*Galbraith & Booms* (by *Steven B. Galbraith* and *Laura A. Phillips*), for the plaintiff.

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *Marvin W. Smith*)(*Gross, Nemeth & Silverman, P.L.C.,* by *Steven G. Silverman,* of Counsel), for the defendant.

Before: CORRIGAN, P.J., and CAVANAGH and GRIFFIN, JJ.

GRIFFIN, J. In this first-party no-fault insurance case, defendant appeals as of right an order of the lower court granting summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(10). We reverse and remand for entry of judgment in favor of defendant.

Plaintiff was a passenger in a motor vehicle that was traveling on a highway near downtown Detroit when the rear window of the car shattered and plaintiff was struck in the right temple by an unknown object. The source of the projectile was never determined. Physicians diagnosed plaintiff's injury as a possible gunshot wound. Plaintiff is now legally blind in his right eye.

After defendant refused to pay no-fault personal protection insurance benefits, plaintiff commenced this action. The lower court denied defendant's motion for summary disposition, which was brought on the ground that plaintiff's injuries did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle

as covered by the automobile insurance policy. Instead, the circuit court granted summary disposition in plaintiff's favor.

We review the trial court's ruling on a motion for summary disposition de novo to determine whether the pleadings or the uncontroverted documentary evidence established that a party is entitled to judgment as a matter of law. MCR 2.116(I) (1); *Asher v Exxon Co, USA,* 200 Mich App 635, 638; 504 NW2d 728 (1993). The existence of either circumstance merits a grant of summary disposition. *Id.*

Michigan's no-fault insurance act requires a no-fault insurer to pay benefits "for accidental injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." MCL 500.3105(1); MSA 24.13105(1).

In *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660; 391 NW2d 320 (1986), our Supreme Court construed MCL 500.3105(1); MSA 24.13105(1) to mean that the mere involvement of an automobile in an injury is not alone sufficient to invoke no-fault coverage. Instead, our Supreme Court in *Thornton* held that the Legislature chose to provide coverage only for those circumstances where the injury was "directly related" to the involved automobile's character *as a motor vehicle. Id.* at 659. The Supreme Court emphasized that there must be more than a "but for," incidental, or fortuitous connection between the damages sustained and the use of a motor vehicle. *Id.* at 659-660. This rationale was reaffirmed in *Bourne v Farmers Ins Exchange,* 449 Mich 193, 195-196, 198; 534 NW2d 491 (1995), where the Supreme Court held that a no-fault insurance carrier is not obligated to cover injuries received during an assault incident to a "carjacking." In *Bourne,* the Court concluded that such injuries were unrelated

to the use of a motor vehicle as a motor vehicle. *Id.* at 200; see also *Marzonie v Auto Club Ins Ass'n,* 441 Mich 522; 495 NW2d 788 (1992). Further, in *Mueller v Auto Club Ins Ass'n,* 203 Mich App 86, 91; 512 NW2d 46 (1993), this Court held that the risk of a stray bullet passing through an automobile is not within the ordinary risks of driving a motor vehicle.

Here, the vehicle was not the instrumentality of the injury, *Thornton, supra* at 660, nor was the injury caused by the inherent nature of driving an automobile. *Id.* at 661. See also *Century Mutual Ins Co v League General Ins Co,* 213 Mich App 114; 541 NW2d 272 (1995), and *Wakefield Leasing Corp v Transamerica Ins Co,* 213 Mich App 123; 539 NW2d 542 (1995). Instead, plaintiff's injury was the result of an intentional, reckless, or negligent act where an unknown assailant either shot or threw an object through the rear window of the automobile in which plaintiff was traveling. Injuries resulting from this kind of conduct are not "within the ordinary risks of driving a motor vehicle." *Marzonie, supra* at 534. Rather, the relationship between the functional character of the motor vehicle and plaintiff's injury was "but for," incidental, and fortuitous. *Bourne, supra* at 200-201; *Mueller, supra* at 91. Accordingly, we conclude that the trial court erred in granting summary disposition in favor of plaintiff. Instead, the trial court should have granted summary disposition in favor of defendant.

We recognize that, in the past, this Court has held that no-fault coverage applies when the assailant who caused an injury targeted the vehicle, not the people inside the automobile. See *Saunders v DAIIE,* 123 Mich App 570; 332 NW2d 613 (1983); *Mann v DAIIE,* 111 Mich App 637; 314 NW2d 719 (1981). However, we reject the argument that

*Bourne* and *Thornton* should be distinguished on the basis that the unknown assailant may have aimed the projectile at the vehicle instead of at the passengers inside the vehicle. First, although the Court in *Bourne* did not expressly overrule *Saunders* and *Mann,* the Supreme Court referred to both cases in stating that "we do not agree that [the involved] assaults are part of 'the normal risk' of motoring." *Bourne, supra* at 200, n 3. Second, the Supreme Court in *Bourne, supra at 201-202,* rejected the rationale applied in both *Saunders* and *Mann* when it concluded that

it is improper to use the intent of the assailant in order to create the causal connection. "We reject the focus that the Florida and Minnesota courts place upon the intent of the assailant as providing the requisite nexus between the injury and the use of the motor vehicle." *Thornton, supra* at 660, n 10. Further, " 'the proper focus is upon the relation between the injury and the use of a motor vehicle as a motor vehicle,' " not on " 'the intent of the assailant . . . .' " *Marzonie, supra* at 532, quoting 425 Mich 660, n 10.

Accordingly, the intent of the unknown assailant is irrelevant. In regard to the no-fault coverage issue, it makes no difference whether the assailant was targeting the vehicle, plaintiff, something else, or nothing at all. The rationale of *Saunders* and *Mann* has been overruled.

Reversed and remanded for entry of judgment in favor of defendant.