FUNK v HOVER TRUCKING COMPANY

Docket No. 188041. Submitted December 3, 1996, at Detroit. Decided January 28, 1997, at 9:05 A.M.

Eric Funk brought an action in the Washtenaw Circuit Court against Hover Trucking Company and Zep Manufacturing Company, seeking damages for an injury suffered when a fifty-five-gallon drum of windshield washer fluid manufactured by Zep and being delivered by Hover to Funk's employer fell on Funk as he was helping the Hover truckdriver unload the drum from the truck. Funk claimed that Hover was negligent in failing to equip the truck with a lift mechanism, that the Hover driver was negligent in unloading the drum, and that Zep was negligent in shipping its product through a carrier whose delivery methods were inadequate. The court, Kurtis T. Wilder, J., granted summary disposition for Hover and Zep, ruling that § 2-503(1)(b) of the Uniform Commercial Code, MCL 440.2503(1)(b); MSA 19.2503(1)(b), which governs the duties of a seller and a buyer with respect to the tender of delivery of goods, bars Funk's claims against Hover and Zep. Funk appealed.

The Court of Appeals *held*:

Article 2 of the UCC, of which § 2-503(1)(b) is a part, does not govern or apply to personal injury actions based on the alleged breach of a common-law duty to avoid negligent conduct.

Reversed and remanded.

SALES — UNIFORM COMMERCIAL CODE — TENDER OF DELIVERY — NEGLIGENCE.

Section 2-503(1)(b) of the Uniform Commercial Code, which governs the duties of a seller and a buyer with respect to the tender of delivery of goods, does not govern or apply to personal injury actions based on the alleged breach of a common-law duty to avoid negligent conduct (MCL 440.2503[1][b]; MSA 19.2503[1][b]).

*Mark Granzotto* and *John Walt,* for Eric Funk.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *Rosalind Rochkind* and *John W. Whitman*), for Hover Trucking Company.

*Welch, MacAlpine, Bahorski, Bieglecki & Farrell, P.C.* (by *Michael W. Sickles*), for Zep Manufacturing Company.

Before: GRIFFIN, P.J., and T. G. KAVANAGH* and D. B. LEIBER**, JJ.

GRIFFIN, P.J. In this personal injury action, plaintiff appeals as of right an order granting summary disposition in defendants' favor pursuant to MCR 2.116(C)(10). We reverse and remand for further proceedings. We hold that Article 2 of the Uniform Commercial Code (UCC), MCL 440.2101 *et seq.* MSA 19.2101 *et seq.*, does not govern or apply to personal injury actions alleging breach of common-law duties.

Plaintiff's employer, Victory Lane Oil Change, ordered a fifty-five-gallon drum of windshield washer fluid from defendant Zep Manufacturing Company. Zep hired defendant Hover Trucking Company to deliver the 519-pound drum to Victory Lane. Thereafter, a Hover employee arrived at Victory Lane to deliver the drum of solvent with a truck not equipped with a lift gate. Plaintiff alleges that his own employer ordered him and a coemployee to assist the driver in unloading the fifty-five-gallon drum. Plaintiff further alleges that the Hover driver suggested that they roll the drum to the edge of the truck bed so that plaintiff and his colleague could lower the fifty-five-gallon drum to the ground. Plaintiff claims that, when the Hover driver brought the drum to the edge of the truck bed, the drum fell on plaintiff, injuring his back and shoulder.

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1996-10.

** Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff sued Hover, claiming that Hover was negligent in failing to equip its truck with lift equipment and that the Hover driver was negligent in unloading the drum. Additionally, plaintiff sued Zep, claiming that Zep negligently shipped its product via a delivery company whose delivery methods were inadequate.

The lower court granted summary disposition in favor of both defendants on the basis that, absent an express contractual obligation, neither defendant owed plaintiff a duty to safely unload the fifty-five gallon drum. The court premised its decision on § 2-503(1)(b) of the UCC, MCL 440.2503(1)(b); MSA 19.2503(1)(b), which provides that "unless otherwise agreed the buyer must furnish facilities reasonably suited to the receipt of the goods." The lower court reasoned as follows:

> I'm going to grant the motion. I think it's governed strictly by the UCC, section 2503B [sic]. The question I had at the time of the original motion which I denied was related to industry standard. I'm satisfied that the industry standard is governed by the UCC and that anything relative to unloading is something that must be separately contracted for by the buyer, and that absent any in a specific contract to provide specific unloading facilities that there's no duty to the seller to provide those in the manner of delivery.

On appeal, plaintiff contends that the trial court erred in ruling that § 2-503(1)(b) of the UCC bars plaintiff's personal injury claim. We agree. We review a trial court's decision on a motion for summary disposition de novo to determine whether the pleadings or the uncontroverted documentary evidence establish that the defendant is entitled to judgment as a matter of law. MCR 2.116(I)(1); *Kennedy v Auto Club of Michigan*, 215 Mich App 264, 266; 544 NW2d 750

(1996). The existence of either circumstance merits a grant of summary disposition. *Kennedy, supra* at 266; see also *Porter v Royal Oak*, 214 Mich App 478, 484; 542 NW2d 905 (1995); *Panich v Iron Wood Products Corp*, 179 Mich App 136, 139; 445 NW2d 795 (1989).

In the present case, the trial court ruled that § 2-503(1)(b) of the UCC nullified defendants' duties, if any, not to expose plaintiff to foreseeable harm. This was error requiring reversal because Article 2 of the UCC governs rights and remedies for commercial sales and applies exclusively to transactions in "goods." MCL 440.2102; MSA 19.2102. We hold that the UCC provision at issue does not apply to or govern personal injury actions based on the alleged breach of a common-law duty to avoid negligent conduct. See MCL 440.1102(2); MSA 19.1102(2); MCL 440.2102; MSA 19.2102; *Neibarger v Universal Cooperatives, Inc*, 439 Mich 512, 519, 521, n 18; 486 NW2d 612 (1992); cf. *Waggoner v Town & Country Mobile Homes, Inc*, 808 P2d 649, 653 (Okla, 1990). Therefore, the means by which the UCC allocates risks of loss regarding goods transacted by the contracting parties does not displace defendants' duties, if any, to avoid negligently exposing plaintiff to foreseeable risks of injury.[1] See *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95; 485 NW2d 676 (1992); *Terrell v LBJ Electronics*, 188 Mich App 717, 719-720; 470 NW2d 98 (1991). This is especially true where, as here, plaintiff was not privy to any contract and brings a negligence action for personal injuries. Cf. *Neibarger, supra* at 520-521,

---

[1] We assume, but do not decide, Hover's vicarious liability for the active alleged negligence of its employee. However, the duty owed by Zep, if any, to plaintiff is more problematic. See, generally, *Janice v Hondzinski*, 176 Mich App 49, 55-58; 439 NW2d 276 (1989).

523; *Jones v United Metal Recyclers,* 825 F Supp 1288, 1293-1294 (WD Mich, 1993); *Oats v Nissan Motor Corp in the United States,* 126 Idaho 162, 169-170; 879 P2d 1095 (1994); *ITT Rayonier, Inc v Puget Sound Freight Lines,* 44 Wash App 368, 378; 722 P2d 1310 (1986). Accordingly, the trial court erred in applying § 2-503(1)(b) of the UCC to defeat plaintiff's claims. Our reversal does not preclude defendants from renewing their motions for summary disposition on other grounds.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.