## SOBIECKI v DEPARTMENT OF CORRECTIONS

Docket No. 264121. Submitted May 9, 2006, at Petoskey. Decided May 18, 2006, at 9:10 a.m.

Kenneth L. Sobiecki, a prison inmate, brought an action in the Luce Circuit Court against the Department of Corrections and others, seeking a writ of mandamus to compel an administration of his consecutive sentences that would result in his immediate release. The plaintiff had been sentenced to four to 14 years of imprisonment for uttering and publishing, had escaped from prison, and had been sentenced to 1½ to five years of imprisonment for escaping from prison, to be served consecutively to the earlier sentence. He twice had been granted parole and twice had been returned to prison for violating the terms of parole. The court, Charles H. Stark, J., dismissed the plaintiff's action without a hearing, having determined that the plaintiff was not being held contrary to law. The defendant appealed, claiming that the action could not be dismissed absent a motion for summary disposition, that he had served the sentence for prison escape, and that the sentence for uttering and publishing had terminated because he could not have been granted parole unless he had completed the sentence for uttering and publishing.

The Court of Appeals *held*:

1. The plaintiff's objection to the trial court's dismissal in the absence of a motion for summary disposition is without merit. A trial court is affirmatively required to render judgment without delay when the pleadings show that a party is entitled to judgment as a matter of law. MCR 2.116(I)(1). This case presents issues of law only, and upon the trial court's conclusion that the defendants were entitled to judgment as a matter of law, the court's dismissal was mandatory.

2. The defendants had the discretion, but were not required, to terminate the sentence for uttering and publishing upon the plaintiff's completion of the minimum term of that sentence.

3. MCL 791.234(3) provides that when there are consecutive sentences, for the purposes of parole eligibility, the minimum terms and the maximum terms are independently aggregated to form a unified minimum term and a unified maximum term.

Although the Parole Board may terminate an earlier sentence after the prisoner has completed its minimum term, doing so is not mandatory. There is no allegation in this case that the Parole Board affirmatively exercised its discretion to terminate the plaintiff's sentence for uttering and publishing. The Parole Board's grant of parole did not necessarily entail termination of the sentence for uttering and publishing.

Affirmed.

1. PRETRIAL PROCEDURE — SUMMARY DISPOSITION — NECESSITY OF MOTION.

A trial court is affirmatively required to render judgment without delay when the pleadings show that a party is entitled to judgment as a matter of law, without regard to whether there has been a motion for summary disposition (MCR 2.116[I][1]).

2. PAROLE — ELIGIBILITY — CONSECUTIVE SENTENCES.

A prisoner serving two consecutive sentences becomes eligible for parole after serving the aggregate of the minimum terms of those sentences; the Parole Board may, but is not required to, terminate the first sentence after the prisoner serves the minimum term of that sentence (MCL 791.234[3]).

*Rodney J. O'Farrell* for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Chester S. Sugierski, Jr.*, Assistant Attorney General, for the defendants.

Before: SAWYER, P.J., and KELLY and DAVIS, JJ.

DAVIS, J. Plaintiff appeals as of right an order dismissing his complaint seeking a writ of mandamus. We affirm.

On June 2, 1994, plaintiff was sentenced to four to 14 years for uttering and publishing, MCL 750.249, with credit for 107 days served. Plaintiff escaped from a corrections center on June 24, 1995, and he remained at large until April 29, 1996. On September 6, 1996, plaintiff was sentenced to 1½ to five years for escaping from prison, MCL 750.193, to be served consecutively to his uttering and publishing sentence. The Parole Board

granted plaintiff parole on November 19, 1999, and plaintiff was returned to custody on May 8, 2001, for violating the terms of that parole. The Parole Board again granted plaintiff parole on May 23, 2002, and plaintiff was again returned to prison for violating the terms of that parole. The trial court found that plaintiff was not being held contrary to law and dismissed his complaint.

Plaintiff first objects to the trial court's dismissal in the absence of a motion for summary disposition. We find no error. No relevant factual dispute exists or was alleged in this case. Under MCR 2.116(I)(1), the trial court is affirmatively required to "render judgment without delay" when "the pleadings show that a party is entitled to judgment as a matter of law." *Ford Motor Co v Bruce Twp*, 264 Mich App 1, 15; 689 NW2d 764 (2004). This case presents issues of law only. Upon concluding that defendants were entitled to judgment as a matter of law, the trial court's dismissal of the case was mandatory. We review de novo that conclusion. *Funk v Hover Trucking Co*, 221 Mich App 268, 270; 561 NW2d 479 (1997). This appeal presents questions of statutory interpretation, which are also reviewed de novo with the fundamental goal of giving effect to the intent of the Legislature. *Weakland v Toledo Engineering Co, Inc*, 467 Mich 344, 347; 656 NW2d 175 (2003), amended on other grounds 468 Mich 1216 (2003).

Plaintiff correctly states that his original uttering and publishing sentence must be terminated before he can begin serving his prison escape sentence. *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001) (interpreting MCL 750.193[1]). Further, the Parole Board has the discretion to terminate a sentence that a prisoner is presently serving "at any time after the minimum term of the sentence has been served" if

the prisoner has at least one more consecutive sentence remaining. *Id.* at 304-305 (quoting and discussing MCL 791.234[5]). *Lickfeldt* is distinguishable from this case in that the prisoner there had already served the maximum possible term for her original sentences. *Id.* at 306. However, even after accounting for the 310 days plaintiff did not serve because of his escape, MCL 800.61, plaintiff had served his four-year minimum sentence for uttering and publishing by December 22, 1998. Therefore, although defendants were not required to terminate plaintiff's uttering and publishing sentence, they had the discretion to do so.

Plaintiff argues that the only way he could have been paroled is if the Parole Board had terminated his uttering and publishing sentence, so he could have begun serving his prison escape sentence in time to have completed its minimum term by November 19, 1999. As a general matter, "a parole shall not be granted to a prisoner . . . until the prisoner has served the minimum term imposed by the court . . . ." MCL 791.233(1)(b). Within the limits of these statutes, plaintiff's argument is logical. However, a general statutory provision yields to a more specific one, if it exists. *Jones v Enertel, Inc*, 467 Mich 266, 270; 650 NW2d 334 (2002). In the more specific circumstance of consecutive sentences, MCL 791.234(3) provides in relevant part as follows:

> If a prisoner . . . is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms . . . . The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the

total of the maximum sentences has been served . . . unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

In other words, where a prisoner is given consecutive sentences, the minimum terms and the maximum terms are independently aggregated to form a unified minimum term and a unified maximum term, for the limited purposes of calculating parole eligibility.

Plaintiff's minimum sentence for uttering and publishing was four years, and his minimum sentence for prison escape was 1½ years, so under MCL 791.234(3), his "minimum term" for the purposes of parole is 5½ years. Likewise, plaintiff's maximum sentences were 14 and five years, respectively, so under MCL 791.234(3), his "maximum term" for the purposes of parole is 19 years. In effect, MCL 791.234(3) imposes an internal administrative reorganization of consecutive sentences for the computation of parole, while it simultaneously keeps intact the total minimums and total maximums imposed. Although the Parole Board *may* terminate an earlier sentence after the prisoner has completed its minimum term, doing so is not mandatory, either as a statutory matter or as a practical matter.

Computation of parole eligibility is immaterial to a prisoner's actual serving of his or her sentences. During a prisoner's parole, he or she continues to serve sentences, including consecutive sentences, as if incarcerated. MCL 791.238(6). A prisoner is *deemed*, for parole purposes, to have served his or her minimum sentences as soon as he or she has served a period of time equal to the sum of those minimums. For all other purposes, a prisoner will not *actually* begin serving a subsequent consecutive sentence until the prior consecutive sentence is terminated, irrespective of his or her parole status.

Here, plaintiff would have completed his aggregate minimum term by August 15, 1999. By November 19, 1999, plaintiff had "served the minimum term imposed by the court," MCL 791.233(1)(b), within the meaning of the parole statutes, even though he had not yet necessarily begun to serve his second sentence. Therefore, the Parole Board's grant of parole did not necessarily entail termination of his uttering and publishing sentence. There is no allegation that the Parole Board affirmatively exercised its discretion to terminate. Plaintiff's argument that termination must necessarily be implied fails because MCL 791.234(3) requires the minimum terms of consecutive sentences to be tacked for parole eligibility purposes, even if the prior consecutive sentence has not yet been completed. Therefore, plaintiff's sentence for the uttering and publishing conviction has not been terminated, and defendants are not holding plaintiff contrary to law beyond his maximum discharge date.

Affirmed.