# STATE OF MICHIGAN

# COURT OF APPEALS

TOWN CENTER FLATS, LLC,

Plaintiff-Appellant,

v

SHELBY TOWNSHIP,

Defendant-Appellee.

UNPUBLISHED
October 16, 2014

No. 316507
Macomb Circuit Court
LC No. 2013-000989-CK

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order dismissing this property dispute. We affirm.

## I. FACTS

On March 12, 2013 plaintiff filed this action seeking injunctive relief and damages, alleging that defendant refused to enforce a deed restriction pertaining to property for which its owner, Redwood Acquisition, LLC, sought to construct a planned unit development. Plaintiff alleged that defendant's failure to act constituted a discriminatory application of the law and resulted in the inverse condemnation of plaintiff's adjacent property. Plaintiff filed a motion for a temporary restraining order and the trial court entered an order to show cause why it should not be granted.

Defendant opposed plaintiff's motion for a temporary restraining order, arguing that it was not bound by any deed restriction because it did not own the property at issue and, as a municipality, it had no legal authority to enforce deed restrictions; only a court of law had such authority. That is, defendant argued, deed restrictions are a matter of private contract and defendant was not a party to the contract. Defendant also was neither the buyer nor seller of the subject property. Accordingly, defendant argued, it was not a proper party to this lawsuit and it intended to file a dispositive motion in that regard. Defendant also argued that plaintiff did not even own property in Shelby Township and, thus, had no standing to bring this lawsuit. Defendant attached an affidavit from an employee of its assessing department which attested that plaintiff was not listed in township records as a property owner in Shelby Township.

At the show cause hearing, the trial court questioned whether plaintiff named the wrong party in this lawsuit, as argued by defendant. Plaintiff responded that defendant was a proper party because defendant's planning commission did not enforce the deed restrictions with regard

-1-

to Redwoods' request for approval of a planned unit development. The trial court then noted that a municipality is not empowered to police the enforcement of a deed restriction; rather, affected property owners may bring a lawsuit seeking its enforcement against the property owner allegedly in violation of the deed restriction. Accordingly, the trial court held, defendant was not a proper party to the lawsuit and, thus, plaintiff's case was dismissed. This appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred in dismissing its complaint because defendant refused to enforce the deed restrictions on the subject property. We disagree.

MCR 2.116(I)(1) permits a trial court to grant summary disposition sua sponte,[1] and provides:

> If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay.

We review de novo the trial court's decision to dismiss an action under MCR 2.116(I)(1). *Sobiecki v Dep't of Corrections*, 271 Mich App 139, 141; 721 NW2d 229 (2006).

Townships have no inherent powers, but only possess the limited powers conferred on them by our constitution or by the Legislature through enabling statutes. *Hess v Cannon Twp*, 265 Mich App 582, 590; 696 NW2d 742 (2005). For example, the "township ordinance act, MCL 41.181, is the basic enabling act granting townships the power to enact ordinances that regulate the public health, safety, and general welfare." *Howell Twp v Rooto Corp*, 258 Mich App 470, 475; 670 NW2d 713 (2003). And the zoning enabling act, MCL 125.3101 *et seq.*, vests a township with authority to regulate the use of land through zoning ordinances. See MCL 125.3201; *Whitman v Galien Twp*, 288 Mich App 672, 679; 808 NW2d 9 (2010).

The trial court dismissed this action after concluding that plaintiff failed to establish that defendant was a proper party because, contrary to plaintiff's claims, defendant had no legal authority to enforce the purported deed restrictions at issue in this case. On appeal, plaintiff fails to set forth any legal support for its claims that defendant had legal authority to enforce the purported deed restrictions and, thus, should be held liable for failing to exercise such authority. That is, plaintiff has not cited to a statute or constitutional provision which vests a township with authority to adjudicate a dispute between property owners involving the use of land, including the alleged violation of deed restrictions. And plaintiff has not cited to any case which has held that a municipality is empowered to, and required to, enforce deed restrictions. Instead of addressing the basis of the trial court's decision, plaintiff merely repeats its arguments set forth in the trial court. Because plaintiff did not specifically address the basis of the trial court's decision, we need not even consider reversing the trial court's decision. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). In any case,

---

[1] *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

plaintiff's claims are without merit. Defendant was not authorized by law to adjudicate the alleged dispute between plaintiff and Redwood. And defendant was not required, or authorized, by law to enforce any alleged deed restrictions. Deed restrictions are not land use regulations imposed by the municipality like, for example, zoning ordinances. Accordingly, the trial court properly dismissed this case.

Affirmed. Defendant is entitled to costs as the prevailing party. MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause