THE MILBRAND COMPANY v DEPARTMENT OF SOCIAL
SERVICES

Docket No. 56068. Submitted January 12, 1982, at Lansing.—Decided
June 23, 1982.

Woodridge Construction Company began constructing an office
building in the City of Detroit to be occupied as offices of the
Department of Social Services. The land was owned by a
partnership, the Lafayette-Twelfth Associates. Employees of the
Milbrand Company, a subcontractor, performed work on the
building at the behest of Woodridge. Woodridge subsequently
defaulted on its obligation to Milbrand. Milbrand filed suit in
the Court of Claims against the Department of Social Services
alleging that the building being constructed was a public
building and, as such, required a performance bond. Milbrand
claimed that it was a third-party beneficiary of the obligations
placed on the state to require a payment bond. The court,
Michael G. Harrison, J., granted summary judgment to the
defendant. The plaintiff appeals. *Held:*

The property in question, being privately owned, was subject
to the mechanics' lien law. That law provides the plaintiff
ample protection. Where the ownership of the land is not in the
governmental unit for which the building is being constructed,
laborers and materialmen must look to the owner of the
building and the mechanics' lien law for protection, except
under highly unusual circumstances. Here, such highly unu-
sual circumstances are not present.

Affirmed.

1. MECHANICS' LIENS — PUBLIC BUILDINGS.

The purpose of the statute providing for the bonding of contrac-
tors for public buildings and public works of governmental
units is to provide protection for laborers and materialmen in
the construction of public buildings where protection is not

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contractors' Bonds § 44.
[2] 53 Am Jur 2d, Mechanics' Liens § 29.
  65 Am Jur 2d, Public Works and Contracts § 144.
  Municipal property as subject to mechanic's lien. 51 ALR3d 657.

afforded by the mechanics' lien law (MCL 129.201 *et seq.*, 570.1101 *et seq.*; MSA 5.2321[1] *et seq.*, 26.316[101] *et seq.*).

2. MECHANICS' LIENS — PUBLIC BUILDINGS.

Laborers and materialmen must look to the owner of the building and the mechanics' lien law for their protection where the ownership of the land is not in the governmental unit for which the building is being constructed, except under highly unusual circumstances (MCL 129.201 *et seq.*, 570.1101 *et seq.*; MSA 5.2321[1] *et seq.*, 26.316[101] *et seq.*).

*Dayna Milbrand,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Pipp* and *Theodore E. Hughes,* Assistants Attorney General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and C. J. HOEHN,* JJ.

PER CURIAM. Plaintiff appeals, as of right, the trial court's order granting summary judgment in favor of defendant, Michigan Department of Social Services.

In February of 1978, the City of Detroit, as owner of the land known as 1960 West Lafayette in Detroit, entered into an agreement with Woodridge Investment Company whereby the latter would purchase such land from the city and construct a building "in accordance with plans the city had reviewed and approved".

On May 3, 1978, the city conveyed the land to Woodridge Investment Company which, in turn, conveyed the land to another partnership, Lafayette-Twelfth Associates.

Subsequent thereto, Woodridge Construction Company, a separate entity, began constructing a

* Circuit judge, sitting on the Court of Appeals by assignment.

building on the site, in accordance with plans approved by the city and by defendant Michigan Department of Social Services. Defendant was a prospective lessee of the building from the outset. All parties concerned contemplated that defendant would occupy the building upon its completion.

Plaintiff, a subcontractor, performed work on the building at the behest of Woodridge Construction Company. When Woodridge Construction Company defaulted on its obligation to plaintiff, plaintiff brought this action against the Michigan Department of Social Services in the Court of Claims, alleging that the building in question was a "public building" and as such, required a payment bond under the authority of Act 213 of 1963, MCL 129.201 *et seq.;* MSA 5.2321(1) *et seq.* This statute provides:

"Before any contract, exceeding $50,000.00 for the construction, alteration or repair of any public building or public work or improvement of the state or a county, city, village, township, school district, public educational institution, other political subdivision, public authority or public agency hereinafter referred to as the 'governmental unit', is awarded, the proposed contractor, hereinafter referred to as the 'principal contractor', shall furnish at his own cost to the governmental unit a performance bond and a payment bond which shall become binding upon the award of the contract to the principal contractor. Neither the invitation for bids, nor any person acting or purporting to act on behalf of the governmental unit shall require that the bonds be furnished by a particular bank or surety company, or through a particular agent or broker, or through a bank, company, agent, or broker in any particular locality."

Plaintiff contends that, as a third-party beneficiary of the obligations placed on the state by this statute, he was injured by the failure of the Michi-

gan Department of Social Services to require a payment bond as dictated by the statute.

The sole issue in this case is whether or not under the foregoing facts the building constructed by Woodridge Construction Company was a "public building" within the meaning of Act 213 of 1963. This Court holds that it was not.

The term "public building" within the meaning of this statute has not had prior definition in the State of Michigan. A historical reference is therefore helpful.

The necessity for providing some means of protecting contractors, subcontractors, laborers, or materialmen, who perform labor or furnish materials for improvement of real property has been recognized in this state prior to the time that it was a state. See 2 Terr Laws 331 (1827). The policy of the state in this regard is presently set forth in MCL 570.1101 *et seq.;* MSA 26.316[101] *et seq.*

This basic public policy of the state was held by the court not to apply to public buildings. *Knapp v Swaney,* 56 Mich 345 (1885), *Ford v State Board of Education,* 166 Mich 658; 132 NW 467 (1911).

To fill this void in the state's basic policy to protect laborers and materialmen in construction work contracts left by the cited court decisions, the Legislature adopted the forerunner of the statute which is presently under consideration. The purpose of that statute was to provide protection in the construction of public buildings where protection is not afforded by the mechanics' lien law cited above.

In the present instance, the property, being privately owned, was subject to the mechanics' lien law. That law afforded plaintiff ample protection.

Where the ownership of the land is not in the

governmental unit for which the building is being constructed, laborers and materialmen must look to the owner of the building and the mechanics' lien law for their protection, except, perhaps, under highly unusual circumstances. Such highly unusual circumstances are not present in this case.

The judgment of the trial court is affirmed.