ADAMO EQUIPMENT RENTAL COMPANY v MACK
DEVELOPMENT COMPANY, INC

Docket No. 52793. Submitted July 21, 1982, at Detroit.—Decided
December 21, 1982.

Mack Development Company, Inc., was awarded a construction
contract by the City of Inkster. The Fireman's Insurance Com-
pany of Newark, New Jersey, executed a performance bond and
a payment bond in the full amount of the contract. Mack, the
general contractor, awarded a subcontract to Adamo Equip-
ment Rental Company. The last payment made to Adamo by
Mack was on November 19, 1976. Mack then defaulted while
the contract was still incomplete and was replaced by a new
contractor chosen by Fireman's Insurance Company on August
9, 1977. The last payment to Mack was made on that same day.
On February 13, 1979, Adamo filed suit against Mack and
Fireman's Insurance in Wayne Circuit Court seeking to recover
the unpaid portion of its subcontract with Mack. Defendant
Fireman's Insurance moved for an accelerated judgment on the
basis that the statute of limitations barred plaintiff's claim. The
court, Harold Hood, J., granted Fireman's motion. Plaintiff
appeals. *Held:*

The statute of limitations bars any action from being com-
menced after the expiration of one year from the date on which
final payment was made to the principal contractor. This suit
was filed on February 13, 1979; the final payment was made to
the principal contractor, Mack's replacement, on January 31,
1980. Plaintiff's suit was timely filed.

Reversed and remanded for trial.

1. MECHANICS' LIENS — PUBLIC BUILDINGS.

The mechanics' lien law does not apply to subcontractors and

REFERENCES FOR POINTS IN HEADNOTES
[1] 64 Am Jur 2d, Public Works and Contracts § 99 *et seq.*
  65 Am Jur 2d, Public Works and Contracts § 144.
[2] 17 Am Jur 2d, Contractors' Bonds § 43 *et seq.*
[3] [No reference]
[4] 17 Am Jur 2d, Contractors' Bonds § 31.

materialmen who furnish labor or materials for the construction of public buildings.

2. BONDS — CONTRACTOR'S BONDS — PUBLIC WORKS.

The act which regulates contractors' bonds for public works was enacted to safeguard and protect contractors and materialmen in the public sector who were denied the security afforded by the mechanics' lien law to contractors and materialmen who provided identical work or materials in the private sector; the act is remedial in nature and should be liberally construed (MCL 129.201 *et seq.;* MSA 5.2321[1] *et seq.).*

3. WORDS AND PHRASES — "PRINCIPAL CONTRACTOR" — BONDS — CONTRACTOR'S BONDS.

The term "principal contractor", as used in the act which regulates contractors' bonds for public works, means the contractor who has the primary responsibility for performing the terms of the contract (MCL 129.201 *et seq.;* MSA 5.2321[1] *et seq.).*

4. WORDS AND PHRASES — "FINAL PAYMENT" — BONDS — CONTRACTOR'S BONDS.

The term "final payment", as used in the act which regulates contractors' bonds for public works, means the last contractual payment made to the principal contractor, whether that be the first contractor or a person substituted for the first contractor (MCL 129.209; MSA 5.2321[9]).

*Frank G. Garavaglia,* for plaintiff.

*Kerr, Russell & Weber* (by *Daniel G. Beyer),* for defendant.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

PER CURIAM. The plaintiff, Adamo Equipment Rental Company, appeals an order of accelerated judgment which the Wayne County Circuit Court entered on July 9, 1980, in favor of the defendant-appellee, the Fireman's Insurance Company of Newark, New Jersey.

One of the defendants, Mack Development Com-

* Circuit judge, sitting on the Court of Appeals by assignment.

pany, Inc., was awarded a construction contract in the gross sum of $1,430,000 by the City of Inkster. The defendant-appellee, The Fireman's Insurance Company of Newark, executed a performance bond and a payment bond in the full amount of the contract. The general contractor, Mack Development Company, Inc., awarded the plaintiff, Adamo Equipment Rental Company, a subcontract worth $55,000 gross.

The last payment Mack Development Company made to plaintiff, Adamo, was on November 19, 1976.

Defendant Mack Development Company defaulted while the contract was incomplete and was replaced by a new contractor chosen by defendant Fireman's Insurance. This event occurred on August 9, 1977. The last payment made to defendant Mack Development Company was also made on the 9th day of August, 1977.

Plaintiff filed suit to recover the unpaid portion of its subcontract with defendant Mack on February 13, 1979.[1]

The final payment on the construction contract was made by the City of Inkster on January 31, 1980.

Defendant Mack performed on the contract a period of 15 months; the substitute contractor performed for a period of 32 months.

Defendant Fireman's Insurance moved for an accelerated judgment on the basis that the statute of limitations barred plaintiff's claim. Defendant

---

[1] MCL 129.207; MSA 5.2321(7) requires that all claims be sued on within 90 days from the date the last labor is performed or the last material is furnished. This would seem to indicate that plaintiff performed its last work or furnished its last material no earlier than November, 1978, some 15 months after Mack had received the last payment and had been replaced. Our decision, however, is not based on this supposition.

Fireman's contention was based on MCL 129.209; MSA 5.2321(9), which reads, in part, as follows:

"* * * No action shall be commenced after the expiration of one year from the date on which final payment was made to the principal contractor."

Defendant Fireman's contends that Mack Development was the *principal contractor* within the meaning of the statute and that the last payment under the contract to Mack was made on August 9, 1977. Ergo, any claim for materials or labor furnished to the project which was made subsequent to August 8, 1978, is barred by the cited statute.

The trial court granted defendant's motion for accelerated judgment and plaintiff appeals as a matter of right.

The long-standing mechanics' lien law does not apply to public buildings. *Ford v State Bd of Education,* 166 Mich 658; 132 NW 467 (1911). Contractors and materialmen on public buildings were denied the security afforded when the identical work or materials were provided to the private sector. To fill this interstice in the mechanics' lien law, the Legislature adopted 1963 PA 213, the statute now under consideration.

The purpose and intent of Act 213 is to safeguard and protect contractors and materialmen in the public sector. The statute is remedial in nature and, therefore, should be liberally construed. *Wallich Lumber Co v Golds,* 375 Mich 323; 134 NW2d 722 (1965).

The disposition of this case depends on the definition of the terms "principal contractor" and "final payment". No definition of these terms appear in the act. The Court has not found, nor has

it been cited to, any Michigan authority defining such terms. To this extent, the case is one of first impression in this state.

Defendant-appellee would have the Court read "principal contractor" synonymously with "first contractor" and the term "final payment" as "last payment". We do not agree.

A fair reading of the act leaves us with the conviction that the term "principal contractor", as here used by the Legislature, means the contractor who has the primary responsibility for performing the terms of the contract. The term was used by the Legislature to distinguish between rights and duties of the primary contractor and the rights and duties of the secondary contractors, *i.e.,* materialmen and subcontractors.

Defendant Fireman's contends that the last payment to defendant Mack constituted the "final payment" as that term was used in the statute.

We defined the term "final payment" to mean the last contractual payment made to the principal contractor, whether that be the first contractor or a person substituted for the first contractor.

In this case, suit was commenced on February 13, 1979; the final payment on the contract was not made until January 31, 1980. Plaintiff's suit was timely filed.

Reversed and remanded for trial on the merits. Costs to plaintiff.