**OPERATING ENGINEERS LOCAL 324 HEALTH CARE PLAN, et al., Plaintiffs,**

**v.**

**SENTRY INSURANCE, a Mutual Company, a corporation incorporated under the laws of the State of Wisconsin, Defendant.**

Civ. A. No. 85–71698.

United States District Court, E.D. Michigan, S.D.

Dec. 18, 1985.

As Modified May 14, 1987.

Richard M. Selik, Tamara R. Gorosh, Southfield, Mich., for plaintiffs.

Peter R. Tolley, Michael C. Walton, Grand Rapids, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JULIAN ABELE COOK, Jr., District Judge.

The Plaintiffs are fringe benefit trust funds which have been established pursuant to the National Labor Relations Act and the Employee Retirement Income Security Act of 1974 for the purpose of providing insurance, pension, vacation and other benefits to employees of those participating employers who are members, and/or work within the jurisdiction, of Local 324 of the Operating Engineers ("Union"). The Defendant, Sentry Insurance, a Mutual Company ("Sentry"), is an insurance company which is authorized to conduct its business in the State of Michigan.

The Union and Ben Fyke and Sons, Inc. ("Fyke and Sons") entered into a contract whereby certain employee fringe benefits would be paid by Fyke and Sons into a fund which would be maintained by the Plaintiffs. Subsequently, Fyke and Sons, in conjunction with a prospective job requirement, obtained a performance bond from Sentry who agreed to underwrite its labor and material obligations in exchange for a stipulated consideration. At a later time and acting on the basis of the contracts, the Union conducted an audit of the Fyke and Sons account and determined that approximately $35,623.19 was overdue and had not been paid into the several employee benefit funds, as required by the contract. When Fyke and Sons failed to satisfy their fiscal obligation, the Union turned to Sentry for the payment on the basis of the "labor and material" provisions within their performance bond contract with Fyke and Sons. Sentry rejected the demand for payment. The Union then initiated legal proceedings in this Court, seeking to obtain those monies from Sentry which Fyke and Sons had failed to pay into

the employee benefit funds. Sentry, thereupon, filed a motion pursuant to *Fed.R. Civ.P.* 12(b) and 56. On December 10, 1985, this Court conducted a hearing in which the parties presented oral argument in support of their respective positions.[1] The issue was taken under advisement.

For the following reasons, this Court concludes that Sentry's Motion to Dismiss should be granted. In support of its motion, Sentry initially argues that § 129.201 *et seq.* of the Michigan Compiled Laws, which it believes should govern the instant issue in controversy, must be strictly construed. *Square D Environmental Corporation v. Aero Mechanical, Inc.*, 326 N.W.2d 629, 119 Mich.App. 740 (1982). Sentry then concludes that if § 129.201 *et seq.* is strictly construed, the Court must determine that the Union (1) does not have standing because they are not "claimants," as required by the statute, and (2) cannot obtain the relief which they seek in this proceeding because fringe benefits are not included within the provisions of the statute.

In reply, the Plaintiffs cite *Adamo Equipment Rental Company v. Mack Development Company, Inc.*, 333 N.W.2d 40, 122 Mich.App. 233 (1982) in support of their claim that the issues, which are presently before the Court, should be liberally construed. The Plaintiffs also contend that public policy strongly favors a determination that (1) they, who are trustees of employee pension funds, should be allowed to proceed as "claimants," and (2) fringe benefit contributions, though neither defined nor included within the statute, should be read as a part of § 129.201 *et seq.* It should be noted that both parties agree that § 129.201 *et seq.* of the Michigan Compiled Laws is the controlling statute in this controversy.

Section 7 (M.C.L.A. § 129.207; M.S.A. § 5.2321(7)) of the statute reads, in part, as follows:

---

**1.** The Court found the issues to have been extremely well argued. Both counsel are to be commended for their outstanding advocacy.

A claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which payment bond is furnished under the provisions of section 3, and who has not been paid in full therefor before the expiration of a period of 90 days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which claim is made, may sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of the civil action, prosecute such action to final judgment for the sum justly due him and have execution thereon.

■ This Court will follow the strict constructionist standards of *Square D Environmental Corporation v. Aero Mechanical, Inc., supra,* with regard to the issue of the trustees' standing to sue on the payment bond, and conclude that the Plaintiffs, in their capacities as trustees of the employee benefit funds, are not claimants within the meaning of § 129.201 *et seq.* and, thus, do not have standing to bring suit against Sentry. Section 7 does not say that a claimant *or its representatives or its assignees* may sue. Simply put, it clearly identifies a claimant as one who furnishes labor or material.

■ The second issue is whether the wages, as that term is used in § 129.201 *et seq.,* include fringe benefits. The Plaintiffs argue that fringe benefits are part and parcel of any wages that an employee receives. In response, Sentry reiterates its earlier argument; to wit, that this Court must strictly construe M.C.L.A. § 129.201 *et seq.*

Sentry's argument has merit. Although this Court understands the Plaintiffs' position on this issue, the Michigan Legislature, through silence, has clearly manifested its legislative intent to exclude fringe benefits from wages. Thus, wages, as set forth in § 129.201 *et seq.,* are limited to the literal definition of that word. There is nothing within any case law or legislative history which would suggest that "wages" was meant to be construed as broadly as the Plaintiffs suggest. It is presumed that, if the Legislature had intended to include "fringe benefits" within § 129.201 *et seq.,* it could have said so. It is obvious that the Legislature did not. In the opinion of this Court, no other reasonable conclusion can be reached.

The Plaintiffs have raised an alternative proposal which is unnecessary to resolve at this juncture. They ask for the authority to substitute the "real parties in interest" in this lawsuit. On the basis of the "fringe benefit" ruling in this Order, this Court believes that the suggested substitution would be a meaningless gesture. Thus, the Plaintiffs' alternative request must be denied.

For the reasons which have been set forth in this Order, Sentry's Motion to Dismiss will be granted.

IT IS SO ORDERED.