GRAND BLANC CEMENT PRODUCTS, INC v INSURANCE COMPANY
OF NORTH AMERICA

Docket No. 186152. Submitted June 3, 1997, at Detroit. Decided August 19,
1997, at 9:15 A.M.

Grand Blanc Cement Products, Inc., brought an action in the Wayne
Circuit Court against Insurance Company of North America (INA),
Artco Contracting, Inc., and J. Moye Masonry, Inc., seeking recov-
ery of the value of materials it had supplied to a construction pro-
ject at Detroit Metropolitan Airport. J. Moye Masonry was a sub-
contractor of Artco Contracting, which had secured a payment
bond from INA in compliance with the provisions of the public
works bond act, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.* The
plaintiff's claim against INA sought payment under the payment
bond, and its claims against Artco and Moye involved both breach
of contract claims and claims of negligence, estoppel, and quantum
meruit. The plaintiff had entered into a contract with Moye to sup-
ply masonry materials for the airport project and began supplying
material on December 9, 1992, but terminated that contract on
March 1, 1993, because of nonpayment of amounts owed to it for
materials that had been supplied to Moye. On March 30, 1993, the
plaintiff entered into a new contract to supply materials to Moye.
On April 8, 1993, the plaintiff notified Artco, Moye, and INA that it
was relying on the payment bond as security for materials supplied
under the second contract. Thereafter, in August 1993, the plaintiff
terminated the second contract for nonpayment and notified the
defendants of the lapse in payments. The court, Michael J. Calla-
han, J., entered a default judgment against Moye in the amount of
the outstanding unpaid balance for materials without including any
time-price differential service charges, granted summary disposi-
tion for the plaintiff with respect to its claim under the payment
bond on the basis of a finding that the notice filed by the plaintiff
within thirty days of first supplying materials under the second
contract satisfied the notice requirement of MCL 129.207; MSA
5.2321(7), and granted summary disposition for Artco on the basis
that the plaintiff's losses would be fully satisfied by the judgment
against INA. INA appealed, and the plaintiff cross appealed.

The Court of Appeals *held*:

1. The purpose of the notice requirement of MCL 129.207; MSA 5.2321(7) is to ensure that principal contractors have specific knowledge regarding possible claims to which their bonds might be subjected. Thus, the statute requires subcontractors and material-men to identify specifically the labor or material for which payment bond protection is being sought. In order that principal contractors are able to remain abreast of contractual obligations that might give rise to a claim under the payment bond, it follows that each new contractual arrangement with a subcontractor or materi-alman requires that a new notice of the new obligation be given pursuant to MCL 129.207; MSA 5.2321(7). Thus, each new contractual undertaking is independent of other contractual undertakings between the same parties for the purpose of the notice requirement of MCL 129.207; MSA 5.2321(7). Accordingly, the trial court properly concluded that the notice given by the plaintiff with respect to the second contract was timely and granted summary disposition for the plaintiff with respect to the claim under the payment bond for the materials supplied under the second contract.

2. INA's failure to raise before the trial court the question whether its liability to the plaintiff under the payment bonds was precluded by reason of the absence of a contractual relationship between the plaintiff and Artco precludes raising that question on appeal. In any event, MCL 129.207; MSA 5.2321(7) clearly makes a surety under a statutory public works payment bond liable to claimants that have given the necessary notice even though they lack a direct contractual relationship with the principal.

3. A surety that issues a bond pursuant to the public works bond act is liable for time-price differential service charges if such charges are integral to the underlying supply contract. In this case, however, because the default judgment against Moye did not contain time-price differential charges, neither Artco nor INA, as Artco's surety, could be liable for any time-price differential charges. Accordingly, the trial court properly ruled that the plaintiff was not entitled to receive any time-price differential charges from INA under the payment bond.

4. The trial court erred in granting summary disposition for Artco on the basis of the plaintiff's judgment against INA. Although entitled to recover only one satisfaction of its losses, a plaintiff may seek separate judgments against defendants that are jointly and severally liable. The plaintiff has a right to protect its interests by continuing to proceed against Artco despite the judgment in its favor against INA.

Affirmed in part, reversed in part, and remanded.

BONDS — PUBLIC WORKS — NOTICES — MULTIPLE CONTRACTUAL OBLIGATIONS.

> Each separate contractual relationship by a subcontractor or materialman that does not involve a direct contractual relationship with the principal contractor of a public works construction project requires the filing by such subcontractor or materialman of a separate notice with the principal contractor if the subcontractor or materialman intends to rely on a payment bond issued pursuant to the public works bond act for payment of any unpaid bill; the statutory period within which a subcontractor or materialman must give such notice in order to be able to seek payment under the payment bond runs separately for each contractual relationship; the failure to file timely notice with respect to an earlier contractual relationship does not preclude the filing of a timely notice with respect to a later contractual relationship (MCL 129.207; MSA 5.2321[7]).

*Winegarden, Shedd, Haley, Lindholm & Robertson, P.L.C.* (by *Alan F. Himelhoch*), for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John F. Milan* and *Maurice A. Borden*), for Insurance Company of North America and Artco Contracting, Inc.

Before: TAYLOR, P.J., and GRIFFIN and SAAD, JJ.

GRIFFIN, J. Defendant Insurance Company of North America (INA) appeals as of right a circuit court's order granting summary disposition in favor of plaintiff with respect to plaintiff's claim for recovery under a payment bond issued by INA pursuant to the public works bond act, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.* (bond act). Plaintiff cross appeals the measure of damages and the trial court's order granting summary disposition in favor of defendant Artco Contracting, Inc. We affirm in part and reverse in part. We hold, inter alia, that subcontractors or materialmen that have failed to comply with MCL 129.207; MSA 5.2321(7) regarding a prior contract are not barred from protection under the bond act for labor and materials supplied pursuant to a second and indepen-

dent contract for the same project if the general contractor is notified in accordance with the statute within thirty days of the claimant supplying labor or materials under the new contract.

I

Pursuant to the bond act, INA issued a payment bond to Artco, the general contractor on a construction project at Detroit Metropolitan Airport. On December 9, 1992, plaintiff began supplying masonry materials to defendant J. Moye Masonry, one of Artco's subcontractors. Because of nonpayment, plaintiff terminated its contract and stopped supplying Moye on March 1, 1993. After negotiations and an agreement for payment of the past due amount, a new supply contract was entered into on March 30, 1993. In what plaintiff has characterized as a "three-way contract,"[1] plaintiff agreed to supply materials in exchange for payment by Artco in the form of checks issued jointly to plaintiff and Moye. Artco made payment for materials supplied by plaintiff by joint checks dated June 14 and July 2, 1993.

Earlier, on April 8, 1993, plaintiff notified Artco, Moye, and INA's local agent that it was relying on the payment bond as security for materials supplied under the second contract.[2] In August 1993, plaintiff terminated the second contract for nonpayment. Plaintiff notified defendants of the payment lapse in a letter dated August 13, 1993.

---

[1] The lower court agreed with Artco's assertion that it was not a party to the second contract. We express no opinion with regard to the correctness of this ruling. However, we reverse in total the summary disposition granted in favor of Artco and accordingly, on remand, all claims against Artco may be relitigated.

[2] Defendant INA does not contest the sufficiency of notice.

Plaintiff filed suit against INA under the payment bond. Plaintiff also sued Moye and Artco, alleging contract-related claims as well as claims against Artco of negligence, promissory estoppel, and quantum meruit. The trial court entered a default judgment against Moye. The trial court also granted plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10) with respect to plaintiff's claim against INA under the payment bond. The trial court ruled that plaintiff had satisfied MCL 129.207; MSA 5.2321(7) and perfected its claim under the bond act by notifying defendants within thirty days of when it began supplying materials under the second contract. The trial court also granted summary disposition in favor of Artco pursuant to MCR 2.116(C)(10) on the basis that plaintiff's judgment against INA fully satisfied plaintiff's claims against Artco.

II

On appeal, defendant INA contends that the trial court erred in granting summary disposition for plaintiff with respect to its payment bond claim. We disagree. We review the trial court's ruling on a motion for summary disposition pursuant to MCR 2.116(C)(10) de novo to determine whether the pleadings or the uncontroverted documentary evidence establish that defendant is entitled to judgment as a matter of law. MCR 2.116(I)(1); *Kennedy v Auto Club of Michigan*, 215 Mich App 264, 266; 544 NW2d 750 (1996); *Porter v Royal Oak*, 214 Mich App 478, 484; 542 NW2d 905 (1995). The existence of either circumstance merits summary disposition. *Kennedy, supra* at 266; *Porter, supra* at 484.

A

The issue on appeal is whether a claimant that had failed to satisfy MCL 129.207; MSA 5.2321(7) regarding an earlier contract to provide materials for a public construction project is afforded bond act protection for materials supplied pursuant to a second and independent contract regarding the same project when proper notification to the general contractor is given within thirty days of supplying materials under the new contract. In addressing this question of first impression, we are mindful that " '[t]he fundamental purpose of any rule of statutory construction, of course, is to assist the court in discovering and giving effect to the intent of the Legislature.' " *Terzano v Wayne Co*, 216 Mich App 522, 526-527; 549 NW2d 606 (1996), quoting *In re Certified Question*, 433 Mich 710, 722; 449 NW2d 660 (1989). Once discovered, the Legislature's intent must prevail over any existing rule of construction to the contrary. *Ansell v Dep't of Commerce (On Remand)*, 222 Mich App 347, 355; 564 NW2d 519 (1997); *Terzano, supra* at 527. Where reasonable minds may differ about the meaning of a statute, we look to the objective of the statute and the harm it is designed to remedy and apply a reasonable construction that best accomplishes the Legislature's purpose. *Ansell, supra* at 355; *Terzano, supra* at 527; *People v Ward*, 211 Mich App 489, 492; 536 NW2d 270 (1995). "[L]iteral constructions that produce unreasonable and unjust results that are inconsistent with the purpose of the act should be avoided." *Rowell v Security Steel Processing Co*, 445 Mich 347, 354; 518 NW2d 409 (1994); *Salas v Clements*, 399 Mich 103, 109; 247 NW2d 889 (1976).

B

The bond act requires principal contractors to provide performance bonds assuring payment to subcontractors and materialmen furnishing supplies, labor, or equipment for public construction projects. *W T Andrew Co, Inc v Mid-State Surety Corp*, 450 Mich 655, 658; 545 NW2d 351 (1996); *Thomas Industries, Inc v C & L Electric, Inc*, 216 Mich App 603, 606; 550 NW2d 558 (1996). To qualify for this statutory protection, MCL 129.207; MSA 5.2321(7) provides:

> A claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless (a) he has within 30 days after furnishing the first of such material . . . served on the principal contractor a written notice, which shall inform the principal of the nature of the material being furnished or to be furnished, . . . and identifying the party contracting for such . . . materials and the site for the . . . delivery of such materials . . . .

Although this notice requirement is strictly enforced, *Tempco Heating & Cooling, Inc v A Rea Constr, Inc*, 178 Mich App 181, 190; 443 NW2d 486 (1989); *Charles W Anderson Co v Argonaut Ins Co*, 62 Mich App 650, 651-654; 233 NW2d 691 (1975), the remedial bond act is "liberally construed" to "protect contractors and materialmen in the public sector." *W T Andrew Co, supra* at 659; see also *Adamo Equipment Rental Co v Mack Development Co, Inc*, 122 Mich App 233, 236; 333 NW2d 40 (1982).

In drafting MCL 129.207; MSA 5.2321(7), the Legislature did not specify whether the thirty-day period is particular to each individual contract or whether it commences once and for all when the claimant begins performing its first contract to work for the

public project. INA contends that, even if the initial contract to work on the public project is unrelated to the subsequent agreement, a subcontractor's or materialman's failure to serve notice within thirty days of beginning performance of the first contract precludes it from achieving bond act protection on any subsequent contract. Plaintiff argues that the thirty-day notice requirement is particular to each new endeavor to provide materials or labor to the project. Plaintiff thus contends that subcontractors or materialmen that fail to notify the principal regarding an earlier contract may gain bond act protection by notifying the principal within thirty days of providing materials or labor pursuant to a new or independent contract to work on the public project.

C

To ensure that "principal contractors [have] knowledge regarding any possible claims to which their bonds might later be subjected," MCL 129.207; MSA 5.2321(7) requires subcontractors and materialmen to "inform the principal of the nature of the material being furnished or to be furnished . . . and identifying . . . the site for . . . delivery of such materials." *Pi-Con, Inc v A J Anderson Constr Co*, 435 Mich 375, 383-384; 458 NW2d 639 (1990). Subcontractors or materialmen lacking a contractual relationship with the principal are accorded bond act protection only for "such material" or "such labor" that is identified in the notification. Absent this specificity requirement, the principal could be unaware of the nature of the materials or labor for which subcontractors or materialmen may claim recoupment under the payment bond. Thus, as opposed to simply requiring the claim-

ant to notify the principal of its general affiliation with the project, subcontractors and materialmen must specifically identify the kind of materials or labor for which they seek bond act protection.

It follows from this particularity requirement that subcontractors and materialmen must notify the principal regarding each contractual arrangement for which they seek protection under the bond act. Otherwise, the notice requirement would lack consequence because the principal contractor could be subjected to bond act claims bearing little or no similarity to the labor or materials identified in the claimant's original notice. Indeed, the principal would hardly remain abreast of prospective claims on the surety if a claimant's notification regarding an agreement to supply bricks were deemed to cover a claimant's subsequent agreement to provide cement. However, the notice requirement applies only to new contracts that are either distinct from or unrelated to an earlier contract. Subcontractors or materialmen engaged in ongoing relationships need not refile notice each time a new shipment is sent or where there is an immaterial modification in the original contractual arrangement.

Because each new contractual agreement requires independent, specific notice, there is no logical reason why defects in notice relative to earlier agreements should affect notice regarding subsequent contracts. In other words, there is no basis for making a subcontractor's or materialman's initial involvement in the project the bellwether for determining whether the principal is properly notified of an independent subsequent contract. Just as notifying the principal regarding a contract to supply bricks provides no

warning of the subsequent arrangement to provide concrete, the failure to notify the principal about the supply of bricks should not affect the adequacy of notice regarding the supply of concrete. Thus, we construe the requirement that notice be within "30 days after furnishing the first of such material" as being specific to each agreement to provide materials or labor for the public project.

Additionally, permanently eliminating bond act protection for subcontractors and materialmen that failed to notify the principal regarding earlier contractual arrangements would violate public policy. Such a construction of the statute would return a class of subcontractors or materialmen on public projects to the plight they faced before the bond act, where they "were denied the security afforded when the identical work or materials were provided to the private sector." *Adamo Equipment, supra* at 236; see also *Kammer Asphalt Paving Co, Inc v East China Twp Schools*, 443 Mich 176, 182, n 11; 504 NW2d 635 (1993). This result would be discordant with the overall purpose of the bond act, which is to "protect contractors and materialmen in the public sector to ensure that they do not suffer injury when other contractors default on their obligations." *W T Andrew Co, supra* at 659; see also *Adamo Equipment, supra* at 236; *Milbrand Co v Dep't of Social Services*, 117 Mich App 437, 440; 324 NW2d 41 (1982). Denying protection under these circumstances would discourage previously unprotected subcontractors or materialmen from bidding on or accepting subsequent contracts to perform more substantial work on public projects. The effect would likely be to raise public construc-

tion costs by reducing the field of subcontractors and materialmen willing to bid on new contracts.

For these reasons and consistent with the language and purpose of the bond act, we hold that the thirty-day notice period is specific to each new and independent contractual arrangement. Thus, even if a subcontractor or materialman failed to protect itself under an earlier agreement regarding a public project, the subcontractor or materialman may still protect itself under a new and independent agreement by notifying the principal contractor within thirty days of commencing performance on the new contract. However, because each contractual agreement is independent, the notification applies to the new contract only and does not relate back to establish bond act protection for earlier agreements for which the claimant failed to serve timely notice.

D

In the present case, plaintiff agreed to a new supply contract on March 30, 1993. Because this second contract represented plaintiff's decision to reenter the project after completely terminating its prior involvement, the second contract is independent of the first agreement. Therefore, by notifying the principal contractor within thirty days of supplying materials pursuant the March 30, 1993, contract, plaintiff perfected its bond act claim relative to materials supplied pursuant to this second contract. Accordingly, the trial court correctly granted summary disposition in plaintiff's favor on its claim under the payment bond.

III

Defendant INA further contends that, as Artco's surety, it cannot be liable to plaintiff where the trial court found no contract between plaintiff and Artco. However, INA waived this issue by failing to raise it below. *Swickard v Wayne Co Medical Examiner*, 438 Mich 536; 475 NW2d 304 (1991); *Napier v Jacobs*, 429 Mich 222, 227-228; 414 NW2d 862 (1987); *McKelvie v Mt Clemens*, 193 Mich App 81, 86; 483 NW2d 442 (1992). In any event, INA's claim is untenable because MCL 129.207; MSA 5.2321(7) specifically provides that, if the notice requirement is fulfilled, the surety is liable to claimants that lack a direct contractual relationship with the principal. See *Pi-Con, Inc v A J Anderson Constr Co, supra.*

IV

On cross appeal, plaintiff contends that the trial court erred in refusing to hold INA liable for time-price differential charges.[3] We disagree.

The March 30, 1993, contract between plaintiff and Moye provided that time-price differential charges would apply if Moye paid for the materials on credit. As a general rule, the surety under the bond act is liable to pay time-price differential service charges if such charges are integral to the underlying supply contract. *Price Bros Co v Charles J Rogers Constr Co*, 104 Mich App 369, 376-379; 304 NW2d 584 (1981); see also *Price Bros Co v Olin Constr Co, Inc*, 528 F Supp 716, 723 (WD NY, 1981); *Erb Lumber Co v*

---

[3] A time-price differential charge is the difference between the cash and credit price, the latter being higher. *Thelen v Ducharme*, 151 Mich App 441, 447; 390 NW2d 264 (1986); see *Silver v Int'l Paper Co*, 35 Mich App 469, 470; 192 NW2d 535 (1971).

*Homeowner Constr Lien Recovery Fund,* 206 Mich
App 716, 721; 522 NW2d 917 (1994). Indeed, MCL
129.207; MSA 5.2321(7) entitles a claimant under the
bond act to prosecute its suit for a judgment "for the
amount, or the balance thereof, unpaid at the time of
institution of the civil action, [and] prosecute such
action to final judgment for the sum justly due him. . .
."

However, in the present case, the $65,127.39 judg-
ment plaintiff obtained against Moye did not include
time-price differential damages. Further, " '[t]he liabil-
ity of the sureties is coextensive with the liability of
the principal in the bond, and can be extended no fur-
ther than his.' " *In re MacDonald Estate,* 341 Mich
382, 386; 67 NW2d 227 (1954), quoting *Ward v Tink-
ham,* 65 Mich 695, 703; 32 NW 901 (1887); see also
*Timmerman v Hartford Accident & Indemnity Co,*
243 Mich 338, 342; 220 NW 752 (1928); *Ackron Con-
tracting Co v Oakland Co,* 108 Mich App 767, 772; 310
NW2d 874 (1981). Accordingly, the trial court reached
the correct result in ruling that under the circum-
stances of this case, plaintiff was not entitled to time-
price differential damages.

V

Finally, plaintiff argues that the trial court commit-
ted error requiring reversal in dismissing its claims
against Artco on the basis that plaintiff's losses will
be fully satisfied by its judgment against INA. We
agree. Although plaintiff may recover only one satis-
faction of its losses, *Sitt v Mahaney,* 403 Mich 711,
725; 272 NW2d 526 (1978); *Kaminski v Newton,* 176
Mich App 326, 328; 438 NW2d 915 (1989), it may pur-
sue separate judgments against defendants that are

jointly and severally liable to pay its damages. See MCR 2.206(A)(3); cf. *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand)*, 201 Mich App 260, 269; 506 NW2d 275 (1993); *Verhoeks v Gillivan*, 244 Mich 367, 371; 221 NW 287 (1928). Therefore, even if INA will fully reimburse plaintiff's losses by paying the judgment against it, plaintiff may still protect its interests by prosecuting its claims against each party that may be liable for its damages. Accordingly, we reverse the trial court's order dismissing plaintiff's claims against Artco.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.